UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
Trustees of the Bricklayers and Allied
Craftworkers, Local 5 New York Retirement, Welfare,
Labor Management Coalition and Apprentice Training
and Journeymen Upgrading Funds and Bricklayers and
Allied Craftworkers Local 5 New York,

                                          Plaintiffs

-against-

Graniteworks, Inc. and Elaine Mangione,
Individually, and

The Insurance Company of the State of
Pennsylvania(as surety for CCA Civil Inc./
Halmar International, LLC J/V), and

Fidelity and Deposit Company of Maryland
(as surety for CCA Civil Inc./
Halmar International, LLC J/V),

                                           Defendants.
------------------------------------------------------------------------x

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Index No.
08-CV-5666

       Defendants' The Insurance Company of the State of Pennsylvania (as surety for CCA Civil Inc./Halmar International, LLC J/V), and Fidelity and Deposit Company of Maryland (as surety for CCA Civil Inc./Halmar International, LLC J/V), by their attorneys, the Ziskin Law Firm LLP, as in for their answer to the Amended Complaint dated June 20, 2008, assert as follows:

1. Admit each and every allegation set forth in paragraphs numbered "2", "4", "5", "6", "7", "8", "10", "12", "13", "15", "31", "34", "43", "44", "45", "46" and "50" of the complaint.

2. Denies knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraphs numbered "3", "35", "47", "48", "49", "53", "54", "55", "56" and "57", of the complaint.

3. Denies each and every allegations set forth in paragraphs numbered "1", "11", "16", "17", "18", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "32", "36", "37", "39", "40", "41", "51", "52", "53", "54", "55", "56", and "57" of the complaint.

4. With respect to paragraph numbered "14" of the complaint, defendants re-allege and reassert each and every answer set forth herein with respect to paragraphs numbered

1

"1" through "13" of the complaint, as if more fully set forth herein at length,

5. With respect to paragraph numbered "19" of the complaint, defendants re-allege and reassert each and every answer set forth herein with respect to paragraphs numbered "1" through "18" of the complaint, as if more fully set forth herein at length.

6. With respect to paragraph numbered "30" of the complaint, defendants re-allege and reassert each and every answer set forth herein with respect to paragraphs numbered "1" through "29" of the complaint, as if more fully set forth herein at length.

7. With respect to paragraph numbered "33" of the complaint, defendants re-allege and reassert each and every answer set forth herein with respect to paragraphs numbered "1" through "32" of the complaint, as if more fully set forth herein at length.

8. With respect to paragraph numbered "38" of the complaint, defendants re-allege and reassert each and every answer set forth herein with respect to paragraphs numbered "I" through "37" of the complaint, as if more fully set forth herein at length.

9. With respect to paragraph numbered "42" of the complaint, defendants re-allege and reassert each and every answer set forth herein with respect to paragraphs numbered "1" through "41" of the complaint, as if more fully set forth herein at length.

AFFIRMATIVE DEFENSES

AS AND FOR A FIRST SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE

10. Plaintiffs have failed to set forth a cause of action upon which relief may be granted.

AS AND FOR A SECOND, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE

11. Upon information and belief, Defendants Graniteworks, Inc. and Elaine Mangione have in fact paid all sums due and owing the Plaintiff Funds and Defendants have not failed to remit same to the Funds and/or Union with any required reports.

AS AND FOR A THIRD, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE

12. Upon information and belief, the District Court may not find Elaine Mangione in her individual capacity liable for any contributions alleged to be due and owing as she is not an "Employer" within the meaning of the provisions of the Employee Retirement Security Act of 1974.

## AS AND FOR A FOURTH, SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

13. Upon information and belief, the District Court may not find Elaine Mangione in her individual capacity liable for any contributions alleged to be due and owing as she is not an "Employer" within the meaning of the provisions of the Labor Management Relations Act of 1947.

## AS AND FOR A FIFTH, SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

14. Upon information and belief, the District Court may not find Elaine Mangione in her individual capacity liable for any contributions alleged to be due and owing as she did not by contract and/or by her actions agree to be personally liable with respect to the obligations, if any, of either of the corporate defendants.

## AS AND FOR AN SIXTH. SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

15. Plaintiffs have failed to plead a cause of action for fraud as they have failed to meet the strict pleading requirements of Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 9(b) which requires that allegations of fraud must be plead with specificity and particularity, thereby rendering the portions of the Complaint alleging fraud deficient on its face pursuant to Fed.R.Civ.P. 9(b).

## AS AND FOR A SEVENTH, SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

16. Upon information and belief, Elaine Mangione has not engaged in any fraudulent conduct. In this regard, upon information and belief, Elaine Mangione has not made any material false representations and has not made any such representations with the intent to defraud the Funds.

## AS AND FOR A EIGHTH. SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

17. On information and belief, Elaine Mangione did not sign or submit remittance reports, checks, or other documentation, or cause officers, directors, employees, and/or agents of the corporate defendant to sign or submit remittance reports, checks, or other documentation, to the Funds wherein hours worked by employees of the corporate defendant were misrepresented and/or omitted or were fraudulent in nature.

## AS AND FOR A NINTH. SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE

3

18. Elaine Mangione did not utilize the assets of the corporate defendant to pay for her own personal expenses or the expenses of her family, or otherwise commingle her personal assets with that of the assets of the corporate defendant.

## AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

19. At no time did Elaine Mangione commingle the alleged plan assets with the assets of the corporate defendant, pay the corporate defendant's creditors with any such alleged plan assets, or engage in any conversion.

## AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

20. At no time did Elaine Mangione exercise authority or control with respect to the disposition of alleged plan assets of the Funds and/or dues owed to the Union and at no time did Elaine Mangione act as a fiduciary with respect to the Funds and/or Union for the purpose of imposing personal liability.

## AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

21. Plaintiffs erroneously allege that contributions and dues are owing for hours of work performed by employees of Graniteworks which constitute non-bargaining unit work or work which is outside of the scope of Graniteworks' collective bargaining agreement with the Union.

## AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

22. Plaintiffs' estimate of the amount of contributions and dues allegedly owing is incorrect as it is based upon an erroneously inflated amount of hours.

## AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

23. Plaintiff has fatally failed to name Defendants' obligee in this matter.

## AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

24. Plaintiff has not properly brought claim against the sureties and has not first sought payment against the obligee.

<u>AS AND FOR A SIXTEENTH SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE</u>

25. Plaintiff's claims are barred, in whole or in part, by applicable contractual limitations on making claim.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed in its entirety.

Dated:    Commack, New York
          August 25, 2008

                                        The Ziskin Law Firm, LLP

                                    By: _____
                                        Richard B. Ziskin (RBZ-7378)
                                        Attorney for Defendants
                                        The Insurance Company of the State of
                                        Pennsylvania (as surety for CCA Civil
                                        Inc./Halmar International, LLC J/V), and
                                        Fidelity and Deposit Company of Maryland
                                        (as surety for CCA Civil Inc./Halmar
                                        International, LLC J/V)
                                        Office and P.O. Address
                                        6268 Jericho Turnpike, Suite 1 2A
                                        Commack, NY 11725
                                        (631) 462-1417